UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-110 |
| | ) | |
| JERRY KAY LOWE, JR., | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on March 30, 2010, for a motion hearing on Defendant Lowe's Motion to Determine Competency of Defendant Filed Under Seal [Doc. 42] and Motion for Leave to File Notice of Insanity Defense [Doc. 39], both filed on March 19, 2010. Assistant United States Attorney A. William Mackie appeared on behalf of the Government. Attorney Robert R. Kurtz represented the Defendant, who was also present.

As an initial matter, the Court addressed whether the motion for determination of competency should remain sealed. The Court provisionally permitted [Doc. 41] the Defendant to file the motion under seal until the hearing. Although defense counsel requested that the motion remain under seal, the Court found that it should be unsealed because it contains no references to medical records, forensic reports, or related sensitive information. The Court also took up the Defendant's request [Doc. 39] to file beyond the motion deadline a Rule 12.2 Notice [Doc.40] of

1

intent to assert an insanity defense and to introduce expert evidence on his mental condition relating to guilt. The motion states that defense counsel has only recently had reason to become concerned about the Defendant's mental health. The Government did not object to the late-filing of this motion. Accordingly, for good cause shown, the Defendant's Motion for Leave to File Notice of Insanity Defense [**Doc. 39**] is **GRANTED**.

Attorney Kurtz described his concerns regarding the Defendant's competency. He stated that when he had met with the Defendant in the last six or seven weeks, the Defendant's thought processes seemed disorganized and chaotic, as compared to their earlier meetings. Mr. Kurtz informed the Court that as a result, it had become increasingly difficult for him and the Defendant to communicate on how to proceed in the case. Mr. Kurtz was concerned about the Defendant's ability to advise him on witness testimony at trial and to evaluate whether to testify in his own behalf. He noted that the Defendant had a history of drug use and was detained pending his trial, which was placing further strain on his mental health. Counsel asked that the Defendant receive a mental evaluation and that the Court determine whether he was competent to proceed to trial.

The Government had no objection to the requested competency evaluation and asked the Court to construe its response [Doc. 44] to the Defendant's pending motions as a request for a mental examination with regard to the Defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242(a).

The Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against

2

him or to assist properly in his defense.  The Court also finds reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a).  The Government requested that the Defendant also be evaluated under 18 U.S.C. § 4242(a).  Defense counsel agreed that this examination should take place as well.  Because the Defendant has given notice of his intent to raise an insanity defense and/or a defense relating to mental disease or defect and to eliminate the need for successive evaluations, the Court also grants an examination under section 4242(a) pursuant to Rule 12.2(c)(1)(B) of the Federal Rules of Criminal Procedure.

Accordingly, the Court **GRANTS** the Defendant's and the Government's requests that the Defendant undergo a mental evaluation for competency and sanity, and it is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

> 1. The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists.  After designation of the facility is received, the Defendant shall be transported by the United States Marshal's office to such facility.
>
> 2. The purpose of the evaluation shall be:
>
>> a. for conducting psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists;
>>
>> b. for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and
>>
>> c. for the purpose of determining whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

3. Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.

4. The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

   a. the Defendant's history and present symptoms;

   b. a description of the psychiatric, psychological and medical tests that were employed and their results;

   c. the examiners' findings;

   d. the examiners's opinions as to diagnosis and prognosis, and

   i) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   ii) whether at the time of the offense charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

7. The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

8. A status conference and/or competency hearing is set for **June 21, 2010, at 9:30 a.m.** If the Defendant has returned and the forensic report has been received prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

9. The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **June 21, 2010** competency hearing/status conference.

10. Because of the length of time necessary to evaluate the Defendant, the **June 22, 2010** trial of this case is **CONTINUED**, as discussed fully in a separate order. A new trial date will be set in this matter, upon the Defendant's return to the district if he is found competent.

11. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

                ENTER:

                    s/ C. Clifford Shirley, Jr.

                United States Magistrate Judge