UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:09-CR-110 |
| ) | (Phillips) |
| JERRY KAY LOWE, JR. ) | |


**MEMORANDUM AND ORDER**


Defendant is charged in a one-count indictment with possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On March 4, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 22-page Report and Recommendation (R&R) [Doc. 34] in which he recommended that defendant's motion to suppress evidence [Doc. 26] be denied. Thus, Magistrate Judge Shirley recommended that the evidence seized from a search of defendant's residence on April 24, 2009, be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 36]. The government has responded to defendant's objections [Doc. 43]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on February 1,

2010. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant contends that the search of his residence was a warrantless search and was done without his consent. The government, on the other hand, contends that the defendant gave consent, both oral and written, before and during the search.

Officers went to defendant's residence to conduct a "knock and talk" after receiving a report from defendant's landlord that defendant was operating a methamphetamine lab at the residence. When officers arrived, Officer Mayes testified that he received verbal consent from defendant to conduct a "protective sweep" and that he had defendant lead the way through the house. During the protective sweep, Officer Mayes observed marijuana roaches and various ammunition in plain sight. The officer asked defendant if there were any weapons in the house and defendant responded there were none and explained that he was a convicted felon. Officer Mayes then presented defendant with a consent to search form, which he testified defendant signed. Defendant, however, denies that he gave verbal consent for the protective sweep. In addition, defendant states that although he signed the consent to search form, it was presented to him after his residence had been searched, and the form was only for consent to search his vehicle, not his residence.

Magistrate Judge Shirley found Officer Mayes to be a more credible witness than defendant, and concluded that valid voluntary oral consent was given by defendant

for the officers to enter and conduct a protective sweep of defendant's residence.  In addition, Magistrate Judge Shirley concluded that defendant validly consented and knew he was consenting to a search of his residence by signing the consent to search form.

Defendant argues that the magistrate judge should have credited his testimony over that of Officer Mayes.  The magistrate judge noted that the record contained no proof, other than the defendant's self-serving testimony, to rebut or impeach Officer Mayes' credibility.  The court will defer to the credibility finding by the magistrate judge who had an opportunity to evaluate the demeanor and consistency of the witnesses' testimony. *See United States v. Simmons*, 174 Fed.Appx. 913, (6th Cir. 2006).  Moreover, the testimony of the investigating officer, together with the documents and other exhibits submitted at the suppression hearing support the magistrate judge's conclusion that defendant did give valid and voluntary consent to the search of his residence.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 36] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 34] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 26] is **DENIED** in its entirety, whereby the court will allow the introduction of the evidence seized from the April 24, 2009 search of defendant's residence at the trial of this matter.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge