UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-110 |
| | ) | (Phillips) |
| JERRY KAY LOWE, JR. | ) | |

## MEMORANDUM AND ORDER

Defendant is charged in a three-count indictment with possession of ammunition by a convicted felon, possession of a firearm by a convicted felon, and possession of equipment, chemicals, products and materials used to manufacture methamphetamine. On November 23, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 21-page Report and Recommendation (R&R) [Doc. 85] in which he recommended that defendant's motion to suppress statements given to police on April 24, 2009 and May 22, 2009 [Doc. 67] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 90]. The government has responded to defendant's objections [Doc. 91]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on October 4

and 8, 2010. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss will be denied.

Defendant contends that he was in custody at the time officers interviewed him at his home on April 24, 2009. In support of his argument, defendant states that he was physically unable to leave his residence because his car and keys were not available to him. Defendant states that his car keys were located inside the house and that officers had parked behind his car in the driveway, which prevented him from leaving the residence.

Officers went to defendant's residence to conduct a "knock and talk" after receiving a report from defendant's landlord that defendant was operating a methamphetamine lab at the residence. When officers arrived, Officer Mayes testified that he received verbal consent from defendant to conduct a "protective sweep" and that he had defendant lead the way through the house. During the protective sweep, Officer Mayes observed marijuana roaches and various ammunition in plain sight. The officer asked defendant if there were any weapons in the house and defendant responded there were none and explained that he was a convicted felon. Officer Mayes then presented defendant with a consent to search form, which he testified defendant signed. Officers also observed items they reasonably believed were components used in the manufacture of methamphetamine inside the residence.

In his R&R, Magistrate Judge Shirley recommended that defendant's motion to suppress be denied on the basis that the defendant voluntarily made the statements to

officers while not in any form of custody and free of coercion. The undersigned agrees. Regarding defendant's statements made on April 24, 2009, the record shows that defendant invited the officers into his home, consented to the search, and that the circumstances of the interview were non-custodial. Defendant was informed at the start of the interview, and again at the beginning of the recorded portion of the interview that he was not under arrest and that he could leave. His movements were not restrained by the officers during the interview. Accordingly, the courts concurs with Magistrate Judge Shirley's conclusion that defendant was not in custody during the April 24, 2009 interview and *Miranda* warnings were not required.

Regarding the May 22, 2009 statement, the record shows that defendant initiated the interview, chose the location, and waived his *Miranda* rights before making the statement. Moreover, the defendant consulted with counsel during the interview and chose to proceed. Accordingly, the court concurs with Magistrate Judge Shirley's conclusion that defendant was not in custody during this interview; that he signed a waiver of his *Miranda* rights before making the statement; and that, although the Sixth Amendment right to counsel had not attached, defendant was able to consult with his counsel during the interview. No constitutional violation occurred.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 90] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 85] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress statements [Doc. 67] is **DENIED** in its entirety, and the court will allow the introduction of the statements made by defendant to police on April 24, 2009 and May 22, 2009, at the trial of this matter.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge