**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )  **No. 3:09-CR-110** |
| | )  **(Phillips)** |
| **JERRY KAY LOWE, JR.** | ) |

## MEMORANDUM AND ORDER

Defendant is charged in a three-count indictment with possession of ammunition by a convicted felon, possession of a firearm by a convicted felon, and possession of equipment, chemicals, products and materials used to manufacture methamphetamine. On November 8, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 21-page Report and Recommendation (R&R) [Doc. 80] in which he recommended that defendant's motion to dismiss Count Three of the indictment [Doc. 68] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 86]. The government has responded to defendant's objections [Doc. 87]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in complete agreement with Magistrate Judge Shirley's thorough analysis of the legal issues arising from the evidentiary hearing conducted by him on October 4 and

8, 2010. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to dismiss will be denied.

Defendant contends that the government's destruction of evidence seized from his residence and from a "meth dump site" violated his rights to due process and a fair trial. The government contends that law enforcement officers directed destruction of certain items because they were hazardous materials that posed a threat to public health.

Officers went to defendant's residence to conduct a "knock and talk" after receiving a report from defendant's landlord that defendant was operating a methamphetamine lab at the residence. When officers arrived, Officer Mayes testified that he received verbal consent from defendant to conduct a "protective sweep" and that he had defendant lead the way through the house. During the protective sweep, Officer Mayes observed plastic bags with a white residue and glass pipes, both of which field tested positive for methamphetamine. Officers collected marijuana, Xanax, plastic bags and glass pipes for testing. These items were retained as evidence. Officers also found other items in the residence including plastic bottles, ammonia nitrates, lithium strips, sodium hydrochloride, empty blister packs, coffee filters, plastics bags with residue on them, and parts of batteries. These items were designated for destruction after being photographed by officers.

While conducting the search of defendant's residence, officers learned of a "meth dump site" on Keylon Hollow Road, less than a mile from defendant's residence.

Upon arriving at the location, officers observed a "shake and bake" or "one pot method" methamphetamine laboratory that had recently been discarded. Officers found ammonia nitrate, lithium batteries, Coleman fuel, tubing, and coffee filters at the site. Officers also found a Dell cardboard box with the name "Geraldine Carmack" and defendant's address on the label. Other items found included a Mirro cookware box, a blue duffle bag, fertilizer, solvent, lithium strips, metal tools, plastic baggies, coffee filters, and a plastic bottle with a tube coming from the cap. The items were photographed by officers and then turned over to the hazardous waste contractor for destruction.

As noted by Magistrate Judge Shirley, for the destruction of potentially useful evidence to violate due process, the defendant must show:

> (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996). Based upon the evidence presented at the evidentiary hearing, Magistrate Judge Shirley found that the items the officers determined were methamphetamine components or equipment were properly designated for destruction pursuant to DEA policy because the items were not safe to store or test. The evidence showed that the components destroyed were hazardous and potentially volatile. Moreover, defendant has access to comparable evidence by using the photographs taken of the destroyed items. Magistrate Judge Shirley found that the items

destroyed lacked any exculpatory value, and that defendant's rights to due process and a fair trial were not violated by the officers. The undersigned concurs.

The hazardous nature of the items destroyed was addressed in detail by witnesses at the evidentiary hearing, as well as the opinion of the officers that the items posed a risk to public health if not destroyed. In addition, as found by Magistrate Judge Shirley, defendant has access to comparable evidence – the photographs taken of the items prior to destruction. Therefore, the court agrees with Magistrate Shirley that no constitutional violation occurred.

For the foregoing reasons, as well as the reasons articulated by Magistrate Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 86] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 80] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to dismiss Count Three of the indictment [Doc. 68] is **DENIED** in its entirety, and the court will allow the introduction of the evidence seized on April 24, 2009, at the trial of this matter.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge