UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:09-CR-110 |
| v. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| JERRY KAY LOWE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on February 2, 2011, for a motion hearing on the Defendant's Motion to Continue Trial [Doc. 95], filed on January 27, 2011. Assistant United States Attorney A. William Mackie appeared on behalf of the Government. Attorney Robert R. Kurtz appeared on behalf of the Defendant, who was also present.

In his motion, the Defendant asks the Court to continue the February 8, 2011 trial date to permit additional time for the parties to conclude plea negotiations. At the hearing, Attorney Kurtz stated that if convicted of the charged offenses, the Defendant was potentially facing a sentence as an armed career criminal. Mr. Kurtz said that recent discussions with the Government had raised other avenues for resolving the case but that he needed to pursue legal research and further negotiations with the Government to determine whether a resolution could be achieved. He observed that both the defense and the Government had been working in good faith to resolve this matter. He

1

stated that he had discussed the need for a short continuance with the Defendant, who agrees that all of the time would be excludable and that his speedy trial rights would not be impugned. Mr. Kurtz represented that the Defendant also understood that he would remain in custody pending a new trial date. The Defendant confirmed that he understood he would remain in custody and stated that he wanted the Court to grant the continuance.

AUSA Mackie agreed with Mr. Kurtz's representations about the status of the negotiations. He also believes that additional time is necessary to explore whether a resolution can be achieved. He stated that a continuance was to the mutual advantage of both parties and would also further the ends of justice. He agreed that all of the time leading up to a new trial would be excludable under the Speedy Trial Act. Both parties agreed to a new trial date of March 29, 2011.

The Court finds the Defendant's motion for a continuance to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant seeks additional time for his attorney to investigate and research aspects of a potential plea agreement. The parties are requesting only a short continuance to resolve the plea decision. If the Defendant ultimately decides to proceed to trial, the parties will need time to prepare for trial. The Court finds that this could not take place in the week remaining until the February 8 trial date or in less than two months. The Court finds that the failure to grant a continuance would deprive the parties of the reasonable time necessary to prepare effectively for a trial, despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion to Continue Trial [**Doc. 95**] is **GRANTED**, and the trial of this matter is reset to **March 29, 2011**. The Court also finds, and the parties agree, that all the time between the filing of the motion on **January 27, 2011**, and the new trial date of **March 29,**

**2011**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). Regarding further scheduling, the new deadline for concluding plea negotiations in this case is **March 22, 2011**.

Accordingly, it is **ORDERED**:

>(1) The Defendant's Motion to Continue Trial [**Doc. 95**] is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **March 29, 2011**, at 9:00 a.m., before the Honorable Thomas W. Phillips, United States District Court Judge;
>
>(3) All time between the filing of the Motion to Continue on **January 27, 2011**, and the new trial date of **March 29, 2011**, is fully excludable time for speedy trial purposes as set forth above; and
>
>(4) Plea negotiations are to be completed by **March 22, 2011**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge