UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JERRY KAY LOWE, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:09-CR-110-TWP-CCS-1 |
| | ) | | 3:16-CV-517-TWP |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 135]. Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed a response in opposition to relief on September 21, 2016 [Doc. 136]. For the reasons that follow, Petitioner's § 2255 motion [Doc. 135] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

On April 2, 2012, Petitioner pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 101, 103]. Based on prior Tennessee convictions for robbery, aggravated assault, and aggravated burglary, and one prior Kentucky conviction for second-degree assault, the United States Probation Office deemed Petitioner an armed career criminal subject to the increased fifteen-year mandatory minimum under the ACCA [Presentence Investigation Report ("PSR") ¶¶ 39, 42, 43]. The Court agreed, but imposed a lesser sentence of

150 months' incarceration based on the United States' motion for downward departure pursuant to 18 U.S.C. 3553(3) [Doc. 128].

No appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on December 24, 2012, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment."). Over three-and-a-half years later—on August 23, 2016—Petitioner filed the instant § 2255 motion challenging the propriety of his ACCA designation in light of *Johnson* [Doc. 135 (arguing that, post-*Johnson*, he no longer possesses sufficient predicate offenses for categorization as an armed career criminal)].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under

3

which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

As an initial matter, the Court notes that binding Sixth Circuit precedent dictates that Petitioner's prior Tennessee conviction for robbery and Kentucky conviction for second-degree assault categorically qualify as violent felonies under the ACCA's use-of-physical-force clause. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Colbert*, 525 F. App'x 364, 369 (6th Cir. 2013) (finding that Kentucky's second-degree assault statute "require[s] proof of serious physical injury or physical injury, and thus ha[s] 'as an element the use, attempted use, or threatened use of physical force against the person of another;'").

At the time Petitioner committed his aggravated assault offense, Tennessee defined the crime as follows:

    (a)    A person commits aggravated assault who:

        (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

            (A) Causes serious bodily injury to another; or

            (B) Uses or displays a deadly weapon; or

        (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

            (A) Causes serious bodily injury to another; or

4

(B) Uses or displays a deadly weapon

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-302

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1998). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1998).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). The judgment for Petitioner's 1998 aggravated assault offense indicates that he was convicted of the Class C variant—Tenn. Code Ann. § 39-13-102(a)(1) [Docs. 136-2; PSR ¶¶ 39, 42, 43 (demonstrating that Petitioner's conduct constituted an aggravated assault under Tennessee Code Annotated § 39-13-102(a)(1), as opposed to §§ 39-13-102(b) or (c))]. Because violations of Tennessee Code Annotated § 39-13-102(a)(1) categorically involve the intentional or knowing use or threatened use of violent force, *see* Tenn. Code Ann. § 39-11-106(5)(1995) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding

5

that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"), Petitioner has failed to establish that his sentence was improperly enhanced.[1]

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion [Doc. 135] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Because Petitioner's robbery, second-degree assault, and aggravated assault convictions qualify as predicate offenses independent of the now-defunct residual provision, this Court finds that it need not address whether Petitioner's aggravated burglary conviction remains a violent felony under the ACCA's enumerate offense clause. *See United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016) (granting en banc review to resolve that issue).