UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No.  3:09-CR-110 |
| | ) | Judge Phillips |
| JERRY KAY LOWE, JR. | ) | |

# MEMORANDUM AND ORDER

Defendant Jerry Kay Lowe, Jr. has filed a *pro se* motion for sentence reduction pursuant to the First Step Act [Doc. 139]. Specifically, defendant asks that his sentence of 150 months be reduced because it is "unduly harsh" [*Id.*].

On December 10, 2012, the defendant was sentenced to a 150-month term of imprisonment for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Doc. 128]. Because of his prior felony convictions, defendant was deemed to be an armed career criminal and subject to the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). However, the Court sentenced defendant to less than the mandatory minimum due to the government's motion for downward departure [Doc. 128].

The Court first observes that defendant appears to be moving to alter or amend his sentence. A district court does not have the inherent authority to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). As to the present motion, 18 U.S.C. § 3582(c)(1)(A) allows the Court to reduce a term of imprisonment upon

motion of the Director of the Bureau of Prisons. The Court has not received such a motion at this time.

Further, pursuant to § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here. Defendant has previously sought and been denied relief under § 2255 [Docs. 137, 138].

Rule 35 is also inapplicable as to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed. Further, there was no "arithmetical, technical, or other clear error" in this case.

Beyond the 14–day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. However, Rule 36 is available only to correct clerical errors, not to cure "unexpressed sentencing expectations." *Robinson,* 368 F.3d at 656–57. The defendant has alleged no clerical error in this case.

Finally, the defendant's cursory reference to the First Step Act offers no guidance as to how that statute might be applicable to him. The Court cannot and will not scour the law for some provision which might benefit him. While *pro se* filings are to be liberally construed, liberal construction "has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, … and a pleading must provide notice to the opposing party of the relief sought." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

Accordingly, for all of these reasons, the defendant's motion for resentencing [Doc. 139] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE